**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| WILLIAM DRUMMOND and RICHARD ODOM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHERN COMPANY SERVICES, INC.; THE SOUTHERN COMPANY PENSION PLAN; and THE BENEFITS ADMINISTRATION COMMITTEE;<br><br>Defendants. | Civil Action No. 2:22-CV-174-SCJ |

**BRIEF IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS COUNT IV OF PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................1

STATEMENT OF FACTS ......................................................................................3

A. THE SOUTHERN COMPANY PENSION PLAN & PLAINTIFFS' BENEFITS ......................................................3

B. PROCEDURAL HISTORY......................................................7

APPLICABLE LEGAL STANDARD ..................................................................8

ARGUMENT ...........................................................................................................8

A. ERISA IMPOSES NO FIDUCIARY DUTY TO AMEND A PLAN'S ACTUARIAL ASSUMPTIONS...........10

B. THE BAC'S FIDUCIARY DUTY IS TO APPLY—NOT DEVIATE—FROM THE PLAN'S TERMS...........................12

C. PLAINTIFFS FAIL TO ALLEGE ANY MISREPRESENTATIONS THE BAC SUPPOSEDLY MADE IN VIOLATION OF ITS FIDUCIARY DUTIES. .....16

CONCLUSION.......................................................................................................19

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adams v. Lockheed Martin Energy Sys., Inc.*,
199 F. App'x 405 (6th Cir. 2006) .......... 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 8

*Brown v. United Parcel Serv. of Am., Inc.*,
No. 1:20-CV-460-TCB, slip op. (N.D. Ga. Aug. 27, 2020) .......... 4

*Cano v. Home Depot, Inc.*,
No. 1:24-cv-03793-TRJ, 2025 WL 2589567 (N.D. Ga. Aug. 26, 2025) .......... 11

*Cement & Concrete Workers Dist. Council Pension Fund v. Ulico Cas. Co.*,
387 F. Supp. 2d 175 (E.D.N.Y. 2005) .......... 14

*Drummond v. S. Co. Servs.*,
177 F.4th 1076 (11th Cir. 2026) .......... 7

*Fifth Third Bancorp v. Dudenhoeffer*,
573 U.S. 409 (2014) .......... 14

*Great-W. Life & Annuity Ins. Co. v. Knudson*,
534 U.S. 204 (2002) .......... 13, 15

*Griffin v. Aetna Health Inc.*,
No. 1:17-CV-77-AT, 2017 WL 4423419 (N.D. Ga. June 21, 2017) .......... 19

*Hamrick v. E.I. du Pont de Nemours & Co.*,
No. 23-238-JLH, No. 23-271-JLH, 2024 WL 359240 (D. Del. Jan. 31, 2024) ....................14

*Herrington v. Household Int'l, Inc.*,
No. 02-C-8257, 2004 WL 719355 (N.D. Ill. Mar. 31, 2004) ....................18

*Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*,
910 F.3d 1186 (11th Cir. 2018) ....................4

*Hughes Aircraft Co. v. Jacobson*,
525 U.S. 432 (1999) ....................11, 12

*In re Coca-Cola Enters. Inc., ERISA Litig.*,
No. 1:06-CV-0953 (TWT), 2007 WL 1810211 (N.D. Ga. June 20, 2007) ....................18, 19

*In re ING Groep, N.V. ERISA Litig.*,
749 F. Supp. 2d 1338 (N.D. Ga. 2010) ....................18, 19

*Johnson v. Ga.-Pac. Corp.*,
19 F.3d 1184 (7th Cir. 1994) ....................15

*Kerber v. Qwest Grp. Life Ins. Plan*,
647 F.3d 950 (10th Cir. 2011) ....................17

*Lockheed Corp. v. Spink*,
517 U.S. 882 (1996) ....................11

*Luckey v. Miller*,
929 F.2d 618 (11th Cir. 1991) ....................8

*Noel v. Pepsico, Inc.*,
832 F. Supp. 3d 303 (S.D.N.Y. 2026) ....................16

*Parisi v. Am. Airlines, Inc.*,
No. 4:25-cv-00309-O, 2025 WL 4663147 (N.D. Tex. Nov. 25, 2025) ....................10, 11

*Paul v. RBC Cap. Mkts. LLC*,
No. C16-5616 RBL, 2018 WL 3630290 (W.D. Wash. July 31, 2018) ....................16

*Pegram v. Herdrich*,
530 U.S. 211 (2000)....................10

*Roche v. TECO Energy, Inc.*,
No. 8:23-cv-1571-CEH-CPT, 2024 WL 3966067 (M.D. Fla. Aug. 28, 2024) ....................17

*Roe v. Empire Blue Cross Blue Shield*,
No. 12-CV-04788 (NSR), 2014 WL 1760343 (S.D.N.Y. May 1, 2014) ....................15

*Scott v. AT&T Inc.*,
790 F. Supp. 3d 781 (N.D. Cal. 2025)....................10, 12

*Sec'y of Labor v. Macy's, Inc.*,
No. 1:17-CV-541, 2022 WL 407238 (S.D. Ohio Feb. 10, 2022)....................14, 15

*Skrtich v. Pinnacle W. Cap. Corp.*,
No. CV-22-01753-PHX-SMB, 2023 U.S. Dist. LEXIS 136862 (D. Ariz. Aug. 7, 2023) ....................10, 14

*Smith v. Delta Air Lines, Inc.*,
422 F. Supp. 2d 1310 (N.D. Ga. 2006)....................11

*Snow v. Bos. Mut. Life Ins. Co.*,
590 F. App'x 832 (11th Cir. 2014)....................11

*Sprague v. Gen. Motors Corp.*,
133 F.3d 388 (6th Cir. 1998) ....................17

*Young v. Borders*,
850 F.3d 1274 (11th Cir. 2017) ....................8

### STATUTES

26 U.S.C.
§ 401(a)(25) ....................................................................................4, 13, 14

29 U.S.C.
§ 1002(21)(A) ...........................................................................................11
§ 1053.............................................................................................................7
§ 1055.........................................................................................................6, 7
§ 1104(a)(1)(D) ...........................................................................................13

### OTHER AUTHORITIES

Federal Rule of Civil Procedure 9(b)...............................................10, 18, 19

Federal Rule of Civil Procedure 12(b)(6) ......................................................3, 8

Rev. Rul. 79-90, 1979-1 C.B. 155 ....................................................................4, 13

## INTRODUCTION

Plaintiffs William Drummond and Richard Odom (together "Plaintiffs"), participants in the Southern Company Pension Plan (the "Plan"), bring this putative class action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Plan is sponsored by defendant Southern Company Services, Inc. ("SCS" or the "Company," together with the Plan and the Benefits Administration Committee ("BAC"), "Defendants") and is designed to provide pensions to the Southern Company workforce. In its role as Plan sponsor, SCS designed the Plan, including a defined set of terms to determine how each participant's pension is calculated, as well as how to calculate the payments for spouses and beneficiaries of those participants. These terms are set forth in a formal Plan document, as required by ERISA. In this action, Plaintiffs challenge the Plan's mortality assumptions used to calculate their monthly pension payments.

Counts I through III of Plaintiffs' Second Amended Complaint (the "SAC") claim that SCS violated ERISA by designing a pension plan that uses "outdated mortality assumptions" in the Plan's terms (1) to calculate Odom's monthly pension benefit payment and (2) to calculate a charge deducted from Odom and Drummond's monthly pension payments to cover an optional death benefit to protect their spouses in the event that they died prior to their retirement from the Company. Count IV repackages these plan design claims as a supposed breach of fiduciary duty by the

Plan administrator, the BAC. Count IV alleges that the BAC was required under ERISA's fiduciary duty rules to have taken affirmative steps to correct the allegedly flawed Plan design, either by changing the written design, affirmatively deviating from that written design in calculating plaintiffs' pensions, or affirmatively communicating extraneous information to Plan participants.

Defendants previously moved to dismiss the SAC on multiple grounds. ECF No. 53. On July 30, 2024, this Court granted the motion on the ground that ERISA does not impose a "reasonableness" requirement for the actuarial assumptions used to calculate Plaintiffs' benefit payments. ECF No. 62 at 18–19. The Court did not consider Defendants' alternative arguments for dismissal of Count IV. Plaintiffs appealed. The Eleventh Circuit reversed the Court's dismissal, but it did not consider Defendants' alternative arguments for dismissal of Count IV.

This Motion seeks to dismiss Count IV of the SAC on the alternative bases not yet addressed by the courts. In short, the SAC fails to state a claim for breach of fiduciary duty.

Indeed, Plaintiffs' theory in Count IV amounts to a remarkable expansion of the boundaries of fiduciary responsibility under ERISA. Plan administrators undertake the clerical task of calculating a participant's or beneficiary's pension payment pursuant to written plan terms and have a duty to comply with and communicate the plan's terms for calculating pension payments. ERISA does not

permit, much less require, an administrator to affirmatively act to change those terms (even were the plan design to fall short of statutory requirements). It is the plan sponsor—not the administrator—that is responsible for assuring that plan design complies with ERISA. Because ERISA is a carefully reticulated statute, with important distinctions in the allocation of responsibility, courts have been particularly reticent to create expansive common law requirements that complicate and essentially make boundless the scope of responsibility for persons who undertake or supervise the day-to-day task of pension calculations. For the reasons explained below, Count IV should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

Plaintiffs are Plan participants. SAC ¶¶ 18–19, 21. SCS sponsors the Plan, and the BAC administers the Plan. *Id.* ¶¶ 20, 22.

### A. The Southern Company Pension Plan & Plaintiffs' Benefits

The Plan provides a pension benefit to employees upon their retirement. *Id.* ¶¶ 21, 38–40. By default, unmarried participants receive their benefits in the form of a so-called "single life annuity" ("SLA"), which makes monthly payments to the participant from retirement until death. *Id.* ¶ 38. The Plan also provides alternate benefit forms designed to protect the spouses of participants. The default form of benefit for married participants is a 50% qualified joint and survivor annuity

("QJSA"), which provides a surviving spouse (or other beneficiary) monthly payments at 50% of what the retired participant receives in life. *Id.* ¶ 39. Odom elected the Plan's QJSA. *Id.* ¶ 19.

To determine the amount of the elected QJSA, the Plan converts a SLA monthly payment to the QJSA amount, the QJSA amount being the amount the pensioner receives, along with 50% of such amount being paid to the pensioner's spouse upon the pensioner's death (assuming the spouse outlives the pensioner). *Id.* ¶ 7. Because a QJSA pays pension benefits over the span of two lives, rather than one, a monthly QJSA payment will be lower than a monthly SLA payment.

As required by law, the Plan's terms governing how a participant's pension is earned and calculated are set forth in a written instrument. Moreover, the law also requires the formal Plan document to set forth the method to convert an SLA into a QJSA. *See* ECF No. 53-8 (2018 Plan Doc.) § 5.1(a)(3) (explaining how to adjust a SLA to the QJSA based on which "Participant-Group" an individual belongs to); 26 U.S.C. § 401(a)(25); Rev. Rul. 79-90, 1979-1 C.B. 155.[1] Specifically, the Plan document contains tables that provide a percentage factor to convert the SLA to the

[1] This Court can consider the documents attached as exhibits to the previously-filed Defendants' Motion to Dismiss the Second Amended Complaint, ECF Nos. 53-3 through 53-12, because "they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018); *see, e.g.*, *Brown v. United Parcel Serv. of Am., Inc.*, No. 1:20-CV-460-TCB, slip op. at 8 n.4 (N.D. Ga. Aug. 27, 2020) (considering pension plan documents attached to motion to dismiss).

QJSA based on the relative ages of the participant and spouse. *See* SAC ¶ 53; ECF No. 53-8 (2018 Plan Doc.) at App. C. Those factors are based on mortality assumptions about how long the participant and spouse are expected to live and the time value of money over the expected payment period. *See* ECF No. 53-12 (Odom's Appeal Denial) at 2. These percentage factors are not discretionary; they must be applied by the BAC in calculating each and every plan participant's QJSA.

The Plan also offers married participants, like Drummond and Odom, the choice of two ***optional*** pre-retirement survivor annuities. These are death benefits that pay an annuity to a participant's surviving spouse should the employee participant die **before** retirement. SAC ¶¶ 6, 79. The Plan's two choices were: (1) a benefit known as a qualified pre-retirement survivor annuity, which pays the same amount as the 50% QJSA; and, (2) an enhanced option that provides a pre-retirement benefit to the surviving spouse equal to what a spouse would receive under a 100% joint and survivor annuity. *Id.* ERISA authorizes plans to impose a charge if the participant elects one of these two spousal protection options. In other words, the participant can elect one of these options so that if the participant dies before retiring and beginning to draw a pension, such person's spouse will still receive a pension. But, if the participant, after electing such option, lives past retirement and begins to draw his or her pension, the Plan may then reduce the participant's otherwise applicable pension amount as the cost for having earlier provided the pre-retirement

pension protection to the spouse. SAC ¶ 81; 29 U.S.C. § 1055(i).[2] Participants, including Plaintiffs, could opt out of either benefit at any time and avoid the charge. SAC ¶ 79. Neither Plaintiff opted out of a QPSA benefit (indeed, Odom elected to receive an enhanced QPSA), which resulted in a reduction in their pensions upon their retirement for each pre-retirement year during which their spouse had the protection of QPSA coverage. SAC ¶¶ 86–89; ECF No. 53-5 (Drummond's Claim Denial) at 2–3; ECF No. 53-10 (Odom's Claim Denial) at 3.

Under the terms of the Plan, the BAC serves as the Plan Administrator. ECF No(s). 53-3, Plan § 8.1; 53-8, Plan § 8.1. The Plan sets forth the responsibilities of the BAC, including in pertinent part that the BAC is responsible for the determination of the amount of retiring participants' pensions according to the terms set forth in the governing Plan document. ECF No(s). 53-3, Plan § 8.3(c); 53-8, Plan § 8.3(c). It is also responsible to determine and resolve challenges to the calculation of the amount of plan benefits that might be brought by participants and beneficiaries. ECF No(s). 53-3, Plan § 8.3(i); 53-8, Plan § 8.3(i). The BAC may delegate any of these functions, including the function to calculate a retiring employee's pension amount. ECF No(s). 53-3, Plan § 8.3; 53-8, Plan § 8.3.

---

[2] Only option 1 is properly referred to as a "QPSA benefit"; while option 2 is another form of pre-retirement survivor annuity. However, for purposes of this Motion, the distinction is immaterial and, consistent with the SAC, both options will be referred to as a "QPSA benefit" and both charges will be referred to as a "QPSA Charge."

### B. Procedural History

Drummond filed this lawsuit on September 2, 2022, and, after adding Odom, filed the SAC on September 15, 2023. Defendants moved to dismiss the SAC on September 29, 2023. ECF No. 53. The motion included argument respecting the viability of Count IV even if the other counts in the SAC survived. ECF No. 53-1 at 22–30. On July 30, 2024, this Court granted Defendants' motion to dismiss, finding that Plaintiffs failed to plead a cognizable ERISA violation regarding the QJSA or QPSA Charge under 29 U.S.C. § 1055 or § 1053. ECF No. 62. Because this Court concluded that Plaintiffs failed to plead cognizable ERISA violations in Counts I-III, and Plaintiffs' claimed fiduciary duty breaches were dependent on an underlying ERISA violation, this Court did not reach Defendants' independent arguments to dismiss Count IV. *Id.* at 22.

Plaintiffs appealed to the Eleventh Circuit Court of Appeals, which reversed the dismissal order. *Drummond v. S. Co. Servs.*, 177 F.4th 1076 (11th Cir. 2026). In its decision, the Eleventh Circuit incorrectly noted that "[t]he parties agree that establishing an ERISA violation in one of Plaintiffs' first three claims is sufficient to support their breach-of-fiduciary-duty claim in Count IV" and "reverse[d] the district court's dismissal of Count IV." *Id.* at 1087 n.13. As the records in both courts reflect, Defendants never proffered such an agreement. Defendants filed a Petition for Panel Rehearing on June 9, 2026, requesting that the Eleventh Circuit

correct the factual error in footnote 13 of the panel's opinion. *Drummond v. S. Co. Servs.*, No. 24-12773, ECF No. 80 (11th Cir. June 9, 2026). The Eleventh Circuit summarily denied that petition on August 6, 2026,[3] and remanded the case back to this Court on August 14, 2026. *Id.*, ECF Nos. 83 & 84. The issue of whether Plaintiffs plead a claim in Count IV upon which relief can be granted—notwithstanding whether Counts I-III plead claims that survive Rule 12(b)(6)—is now ripe for adjudication.

## APPLICABLE LEGAL STANDARD

Rule 12(b)(6) requires dismissal of a complaint when a plaintiff fails to allege facts that, if true, would entitle the plaintiff to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also* FED. R. CIV. P. 12(b)(6). The pleadings must raise the right to relief beyond the speculative level, and, to do so, a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ARGUMENT

Plaintiffs' breach of fiduciary duty allegations in Count IV can be distilled

[3] A summary denial of a petition for rehearing "is insufficient to confer any implication or inference regarding the court's opinion relative to the merits of a case" and has no binding or precedential value. *Luckey v. Miller*, 929 F.2d 618, 622 (11th Cir. 1991) (noting that "attaching precedential weight to a denial of rehearing en banc would be unmanageable."); *see also Young v. Borders*, 850 F.3d 1274, 1287 (11th Cir. 2017) (Hull, J., concurring) ("[O]rders denying rehearing en banc, even this published one, have no binding or precedential value" because they "communicate[] little, if anything, about the position of the court or the issues presented." (citation omitted)).

into three theories, each of which fails as a matter of law. ***First***, Plaintiffs contend the BAC breached its fiduciary duties because the Plan used "inaccurate and unreasonable actuarial assumptions," and the BAC had an affirmative fiduciary responsibility to amend the Plan's terms to change those assumptions, which it failed to perform. Simply put, this is a challenge to the Plan's design. It is hornbook law, however, that plan design is not a fiduciary function. ***Second***, Plaintiffs contend the BAC breached its fiduciary duties by following the Plan's terms and applying its stated actuarial assumptions to calculate Odom's QJSA benefit and both Plaintiffs' QPSA Charges. Plaintiffs' theory is that the BAC had an affirmative obligation to ferret out whether the Plan's terms for calculating a QJSA and QPSA satisfied applicable statutory standards and a concomitant affirmative obligation to depart from application of those terms. Quite the opposite, the BAC's fiduciary duty was to apply the Plan as written, as ERISA imposes no affirmative duty for administrators to deviate from plan terms and conjure up their own rubric to calculate pension payments. ***Third***, Plaintiffs seek to hold the BAC liable under a misrepresentation theory for accurately reporting the Plan's terms. Plaintiffs contend the BAC was duty bound—each time it calculated pension benefits—to affirmatively investigate and determine whether the actuarial assumptions in the Plan document for calculating the QJSA and the QPSA Charge complied with ERISA's substantive requirements, and also to rewrite Plan communications to state

what the allegedly lawful QJSA and QPSA calculation amounts should have been. Or, alternatively, to advise participants that the applied factors were unlawful. But the BAC is only obligated to accurately communicate the terms of the Plan. It is not required to guarantee the legality of pension plan terms codified in a formal plan instrument any time it communicates such terms to participants. And Plaintiffs plead ***no*** misrepresentation by the BAC of the terms of the Plan, much less pleading a misrepresentation claim with the specificity required by Rule 9(b).

Several district courts faced with cases like this one have held that Plaintiffs' theories are not legally viable—and, thereby, refrained from significantly expanding the scope of the obligations under the fiduciary duty rules of ERISA. *See, e.g.*, *Parisi v. Am. Airlines, Inc.*, No. 4:25-cv-00309-O, 2025 WL 4663147, at *7 (N.D. Tex. Nov. 25, 2025); *Scott v. AT&T Inc.*, 790 F. Supp. 3d 781, 793 (N.D. Cal. 2025); *Skrtich v. Pinnacle W. Cap. Corp.*, No. CV-22-01753-PHX-SMB, 2023 U.S. Dist. LEXIS 136862, at *14 (D. Ariz. Aug. 7, 2023). Here, the Court should do the same and dismiss Plaintiffs' breach of fiduciary duty claim in Count IV.

### A. ERISA Imposes No Fiduciary Duty to Amend a Plan's Actuarial Assumptions.

The threshold question of any ERISA fiduciary duty claim is whether the defendant "was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211,

226 (2000). A person acts as a fiduciary only regarding discretionary management or administration of a plan. 29 U.S.C. § 1002(21)(A).

Plaintiffs try to attach ERISA's fiduciary duty requirements to the BAC's alleged failure to amend the Plan to "update" the terms that Plaintiffs claim are "inaccurate and unreasonable." SAC ¶ 115(e). But decisions about the terms of a plan, the formula used to calculate pension benefits, and whether to modify those benefit terms ***are not*** fiduciary acts. They are plan ***sponsor*** decisions (also referred to as "settlor functions") regarding plan design and are outside the scope of ERISA's fiduciary duty requirements. *Lockheed Corp. v. Spink*, 517 U.S. 882, 890–91 (1996).[4]

For the same reasons, a decision to implement and not to amend Plan terms for the calculation of QJSA benefits or QPSA Charges does not implicate ERISA's fiduciary functions. *See Parisi*, 2025 WL 4663147, at *7 (dismissing ERISA fiduciary duty claim because "implementing clear and mandatory Plan terms for the

[4] *See also Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999) ("ERISA's fiduciary duty requirement simply is not implicated where … the Plan's [sponsor] makes a decision regarding the form or structure of the Plan such as … how [Plan] benefits are calculated."); *Snow v. Bos. Mut. Life Ins. Co.*, 590 F. App'x 832, 835 (11th Cir. 2014) ("[T]he design and adoption of an ERISA Plan is a settlor function, not a fiduciary act."); *Smith v. Delta Air Lines, Inc.*, 422 F. Supp. 2d 1310, 1330 n.20 (N.D. Ga. 2006) ("The act of amending the plan ... is not a fiduciary act; therefore, failure to amend would not be a basis for fiduciary liability under ERISA." (citation omitted)); *Cano v. Home Depot, Inc.*, No. 1:24-cv-03793-TRJ, 2025 WL 2589567, at *3 (N.D. Ga. Aug. 26, 2025) (explaining that "choosing whether to contribute and how to structure the Plan details are inherently settlor functions.").

calculation of benefits does not involve the exercise of discretionary authority or control."); *Scott*, 790 F. Supp. 3d at 793 ("AT&T was not acting as a fiduciary under ERISA when it established the use of the challenged conversion factors [and decided not to change the conversion factors], and so that conduct cannot support a claim for breach of fiduciary duty" and is "more analogous to the actions of 'the settlors of a trust.'" (citation omitted)).

This is true even where a plan provides that an entity has both fiduciary (*i.e.*, administration) and settlor (*i.e.*, amendment) functions. *Jacobson*, 525 U.S. at 444 ("[D]ecision to amend a pension plan concerns the composition or design of the plan itself and does not implicate the [defendant]'s fiduciary duties…"); *Adams v. Lockheed Martin Energy Sys., Inc.*, 199 F. App'x 405, 407 (6th Cir. 2006) ("ERISA permits [defendants] to wear two hats: one as a fiduciary in administering or managing the plan for the benefit of participants and the other as employer in performing settlor functions such as establishing, funding, amending, and terminating the trust." (citation omitted)).

### B. The BAC's Fiduciary Duty Is To Apply—Not Deviate—From The Plan's Terms.

Plaintiffs contend the BAC breached its fiduciary duty by applying—and not deviating from—Plan terms they allege run afoul of ERISA's statutory requirements when it calculated Odom's QJSA and Plaintiffs' QPSA Charges. SAC ¶ 115(a)-(b), (d), (f). In essence, Plaintiffs ask this Court to create and enforce a new common-

law requirement that plan fiduciaries must (i) independently and affirmatively determine when each plan term may violate ERISA's comprehensive statutory scheme, and then (ii) proactively abandon their ***explicit*** obligation to administer plan terms and instead apply different terms the fiduciary believes to be compliant. No such duty exists, and this Court should not now be the first to legislate that expansive duty into ERISA's carefully crafted and detailed framework.

The Supreme Court has "observed repeatedly that ERISA is a comprehensive and reticulated statute, the product of a decade of congressional study of the Nation's private employee benefit system." *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (citation modified). Among the myriad technical provisions are explicit requirements governing how fiduciaries must perform their duties when administering plans. These include a requirement that fiduciaries must follow plan terms to the extent they are consistent with ERISA. *See*, *e.g.*, 29 U.S.C. § 1104(a)(1)(D).

This is particularly true here, where the Internal Revenue Code actually ***prevents*** ERISA fiduciaries from exercising discretion to change the method by which benefits are calculated under a plan. 26 U.S.C. § 401(a)(25) (requiring "actuarial assumptions" used to calculate benefits be "specified in the plan in a way which precludes employer discretion"); *see also* Rev. Rul. 79-90, 1979-1 CB 155 ("employer discretion" includes fiduciary discretion). Thus, the BAC ***could not***

decide in the exercise of its fiduciary discretion to deviate from the Plan's actuarial assumptions without violating § 401(a)(25), thereby risking the Plan's tax qualification status and harming Plan participants. *See Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 428 (2014) ("ERISA … does not require a fiduciary to break the law.").

Indeed, ERISA does not require plan fiduciaries to ***deviate*** from the terms of a plan that may not be consistent with ERISA. *See Sec'y of Labor v. Macy's, Inc.*, No. 1:17-CV-541, 2022 WL 407238, at *5 (S.D. Ohio Feb. 10, 2022) (rejecting argument that ERISA should be construed to imply the existence of an affirmative obligation to **depart** from plan provisions based on its requirement that fiduciaries **follow** plan terms consistent with ERISA, characterizing the argument as a "logical fallacy"); *see also Cement & Concrete Workers Dist. Council Pension Fund v. Ulico Cas. Co.*, 387 F. Supp. 2d 175, 185 (E.D.N.Y. 2005) ("The proposition that 'a trustee who administers a pension plan knowing it to be in violation of ERISA acts in violation of his fiduciary duties under ERISA,' … is based on an overly broad reading of [§ 1104]…." (citation omitted)); *Hamrick v. E.I. du Pont de Nemours & Co.*, No. 23-238-JLH, No. 23-271-JLH, 2024 WL 359240, at *5–6 (D. Del. Jan. 31, 2024) (dismissing ERISA fiduciary duty breach claim premised on alleged implementation and use of unreasonable actuarial equivalence factors because ERISA fiduciaries do not breach their duties merely by administering a plan

according to its terms); *Skrtich*, 2023 U.S. Dist. LEXIS 136862, at *13–14 (noting "many cases … recognizing that a requirement of fiduciaries to ignore plan terms that may be in violation of ERISA is untenable").

This Court should not upset ERISA's comprehensive framework and significantly expand a fiduciary's obligations based on analytically illogical implications that depart from the express text. *See Knudson*, 534 U.S. at 221 (declining to "adjust the 'carefully crafted and detailed enforcement scheme' embodied in [ERISA] that Congress has adopted" (citation omitted)); *Johnson v. Ga.-Pac. Corp.*, 19 F.3d 1184, 1190 (7th Cir. 1994) ("[B]ecause ERISA is a highly technical statute our part is to apply it as precisely as we can, rather than to make adjustments according to a sense of equities in a particular case.").

Indeed, courts have already rejected invitations to expand ERISA's fiduciary duties, holding that merely presiding over and enforcing a plan whose terms allegedly violate ERISA does not, in and of itself, constitute a breach of fiduciary duty. *See Macy's*, 2022 WL 407238, at *5–7 (collecting cases and noting "the weight of … persuasive authority *rejects*" the contention that a fiduciary breaches their duties by enforcing a plan that violates ERISA); *Roe v. Empire Blue Cross Blue Shield*, No. 12-CV-04788 (NSR), 2014 WL 1760343, at *8 (S.D.N.Y. May 1, 2014) ("Trustees do not breach their fiduciary duties under ERISA simply by presiding over a plan which fails in some respect to conform to one of ERISA's myriad

provisions …." (quoting *Ulico*, 387 F. Supp. 2d at 184)), *aff'd*, 589 F. App'x 8 (2d Cir. 2014).[5] The result should be the same here, and Plaintiffs' claim for breach of fiduciary duty based on the BAC's failure to deviate from allegedly improper Plan terms should be dismissed.

### C. Plaintiffs Fail to Allege any Misrepresentations the BAC Supposedly Made in Violation of its Fiduciary Duties.

Under a third theory, Plaintiffs allege the BAC breached its fiduciary duties by "providing inaccurate and misleading information" about the actuarial equivalence of Plaintiffs' chosen benefits, failing to tell Plaintiffs their chosen benefits "are worth less than their single life annuities," and by making "deceptive and misleading relative value disclosure[s]" relating to the QPSA Charges. SAC ¶¶ 110, 115(c).

Fundamentally, this claim is nothing more than Plaintiffs' attempt to manufacture a misrepresentation claim out of their disagreement with the Plan's actuarial assumptions. *See, e.g.*, SAC ¶ 112 ("The Benefits Administration Committee did not disclose to Plaintiffs … the amount of pension benefit they would have been entitled to if the Benefits Administration Committee had utilized

---

[5] *See also Noel v. Pepsico, Inc.*, 832 F. Supp. 3d 303, 327 (S.D.N.Y. 2026) ("ERISA does not impose a general fiduciary duty on a plan administrator to comply with each and every provision in the statute…" (citation modified)); *Paul v. RBC Cap. Mkts. LLC*, No. C16-5616 RBL, 2018 WL 3630290, at *7 (W.D. Wash. July 31, 2018) ("[C]orrectly enforcing a flawed plan does not support a breach of fiduciary duty claim as a matter of law.").

reasonable actuarial equivalence assumptions….”). That is not a misrepresentation. In fact, Plaintiffs do not dispute that Defendants accurately represented (and applied) the Plan's written actuarial factors. This repackaging of Plaintiffs' statutory claims fails to state a claim in Count IV. *See, e.g.*, *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 406 (6th Cir. 1998) (en banc) (“[W]e do not think that GM's accurate representations of its current program can reasonably be deemed misleading. GM having given out no inaccurate information, there was no breach of fiduciary duty.”); *Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 970 (10th Cir. 2011) (finding misrepresentation claim failed where the employer accurately presented information regarding the plan's terms to employees).

While a fiduciary must provide accurate information and refrain from affirmative misrepresentations, ERISA does not impose a “blanket fiduciary duty” to provide “information that … is not required by ERISA's disclosure provisions.” *Roche v. TECO Energy, Inc.*, No. 8:23-cv-1571-CEH-CPT, 2024 WL 3966067, at *9 (M.D. Fla. Aug. 28, 2024); *Sprague*, 133 F.3d at 406 (“We are not aware of any court of appeals decision imposing fiduciary liability for a failure to disclose information that is not required to be disclosed.”). Nonetheless, Plaintiffs request this Court boundlessly expand ERISA's requirements, such that a fiduciary must re-examine the plan and then re-write plan communications to affirmatively communicate to participants what factors it believes have been lawfully applied or,

alternatively, were unlawful ***each time*** pension benefits are calculated or communicated—which would create a near constant duty to second guess the terms of the Plan.

Separately, and although not styled as such, these allegations attempt to plead a fraudulent misrepresentation claim based on the BAC's communications to participants and beneficiaries but without the required specificity required by Rule 9(b)'s heightened pleading standard. *See Herrington v. Household Int'l, Inc.*, No. 02-C-8257, 2004 WL 719355, at *6–7 (N.D. Ill. Mar. 31, 2004) (finding that an ERISA fiduciary duty claim predicated on alleged misrepresentations amounts to a fraudulent misrepresentation claim). Plainly stated, under Rule 9(b), Plaintiffs "must allege the who, what, when, where, and how of the fraudulent misrepresentation." *In re Coca-Cola Enters. Inc., ERISA Litig.* ("*ICCE*"), No. 1:06-CV-0953 (TWT), 2007 WL 1810211, at *7 (N.D. Ga. June 20, 2007); FED. R. CIV. P. 9(b). Plaintiffs have not done so.

The SAC does not "identify any ***particular*** communications to [P]lan participants that were allegedly false or misleading." *In re ING Groep, N.V. ERISA Litig.*, 749 F. Supp. 2d 1338, 1350 (N.D. Ga. 2010) (emphasis added). The SAC only generally alleges that the BAC (1) provided inaccurate and misleading information regarding the calculation of benefit options (including by failing to disclose that SLAs were also reduced by a QPSA Charge), and (2) failed to disclose

that Plaintiffs' chosen benefits are "worth less than the" SLAs. SAC ¶¶ 105, 109, 110, 115(c). But those general allegations do not identify ***when*** the alleged misrepresentations were made, ***where*** they were made, or ***how*** they actually constitute a misrepresentation. As such, they do not satisfy Rule 9(b)'s stringent pleading standard, and they necessitate dismissal. *See ICCE*, 2007 WL 1810211, at *7 (dismissing claims because "[t]he Complaint's general allegations fail to meet [Rule 9(b)]"); *In re ING Groep*, 749 F. Supp. 2d at 1350 (dismissing under Rule 9(b) breach of fiduciary duty claim alleging failure to provide complete and accurate information to plan participants, holding "conclusory statements do not support a claim for material misrepresentations"); *Griffin v. Aetna Health Inc.*, No. 1:17-CV-77-AT, 2017 WL 4423419, at *6 (N.D. Ga. June 21, 2017) (dismissing fiduciary duty breach claim where plaintiff "generally [did] not specify what the fraudulent misrepresentations [were], who made them, or the way in which they misled her.").

## CONCLUSION

For the foregoing reasons, Count IV of the SAC fails to state a claim and, thus, should be dismissed.

Dated: August 28, 2026

Respectfully submitted,

*<u>/s/ Ashley F. Heintz</u>*
Ashley F. Heintz
(Georgia Bar No. 325323)
JONES DAY
1221 Peachtree Street, N.E.

Suite 400
Atlanta, GA 30361
Telephone: (404) 581-3939
Facsimile: (404) 581-8330
aheintz@jonesday.com

***Attorney for Defendants***

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that this motion has been prepared in Times New Roman, 14-point font, which is one of the fonts approved by Local Rule 5.1(C).

Dated: August 28, 2026

*/s/ Ashley F. Heintz*
Ashley F. Heintz
(Georgia Bar No. 325323)

*An Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notifications of such filing to all attorneys of record.

Dated: August 28, 2026

*/s/ Ashley F. Heintz*
Ashley F. Heintz
(Georgia Bar No. 325323)

*An Attorney for Defendants*