**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

**WILLIAM DRUMMOND and RICHARD ODOM, individually and on behalf of all others similarly situated,**

**Plaintiffs,**

**v.**

**SOUTHERN COMPANY SERVICES, INC., THE SOUTHERN COMPANY PENSION PLAN; and THE BENEFITS ADMINISTRATION COMMITTEE,**

**Defendants.**

**CIVIL ACTION FILE**

**No. 2:22-CV-00174-SCJ**

# ORDER

This matter appears before the Court on Defendants' Renewed Motion to Dismiss Count IV of Plaintiffs' Second Amended Complaint. Doc. No. [75].[1]

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

## I. BACKGROUND[2]

This is a putative class action by William Drummond and Richard Odom (collectively, "Plaintiffs"), who are vested participants of a tax-qualified ERISA[3] pension plan (the "Plan")[4] sponsored by Defendant Southern Company Services, Inc. ("Southern Co.") and administered by Defendant Benefits Administration Committee ("Committee," and, with Southern Co., collectively, "Defendants"). Doc. No. [51], ¶¶ 6, 18–20, 22. The background of this matter is well-documented, and the Court assumes the reader's familiarity with it.[5]

Defendants previously moved to dismiss Plaintiffs' Second Amended Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure which the Court granted in full on July 30, 2024. Doc. No. [62]. Plaintiffs appealed against that decision to the Eleventh Circuit Court of Appeals.

---

[2] The factual allegations presented below are compiled from the Second Amended Complaint (Doc. No. [51]) and considered true, for the purposes of analyzing the instant Motion.

[3] ERISA refers to the Employee Retirement Income Security Act of 1974.

[4] The Plan, titled the Southern Company Pension Plan, which was established in 1949 and is maintained pursuant to a "Plan Document," provides retirement benefits to "substantially all" employees of Southern Co. and its affiliates after they complete one year of service. Doc. No. [51], ¶ 21. Plaintiffs name the Plan as a "nominal defendant" in this action. Id.

[5] The factual background is extensively covered in Doc. Nos. [62] and [69].

The Eleventh Circuit reviewed this Court's grant of the motion *de novo* and reversed this Court's decision in full on May 26, 2026, and remanded to this Court for further proceedings. Doc. No. [69]. Regarding Count IV, the Eleventh Circuit found that Plaintiffs plausibly pled an ERISA violation and therefore their Count IV claim for breach of fiduciary duty had sufficient support. Doc. No. [69], 17 n.13. After receiving and implementing the mandate of the Eleventh Circuit, the Court ordered Defendants to file their answer. Doc. No. [71].[6] Instead, Defendants did not file their answer and filed the instant Motion on August 28, 2026. Doc. No. [75].

In Count IV of the Second Amended Complaint, Plaintiffs allege that the Committee breached its fiduciary duties of loyalty, of prudence, and to disclose accurate information to participants and beneficiaries in violation of 29 U.S.C. § 1104. Plaintiffs allege that the Committee was a "named fiduciary" within the meaning of § 1102(a) and has the authority to control and manage the operation and administration of the Plan. Id. ¶ 98. According to Plaintiffs, the Committee

[6] The Court also ordered the Parties to file a revised Joint Preliminary Report and Discovery Plan within thirty days of August 21, 2026 (Doc. No. [71]) which the Parties did submit on September 21, 2026 (Doc. No. [82]).

has a duty to "communicate with Plaintiffs and other Plan participants honestly and accurately"; to ensure that all benefits paid pursuant to the Plan conformed with ERISA's requirements and Treasury regulations; where the Plan's terms violate ERISA's provisions, to act in accordance with ERISA (rather than follow the Plan's terms) in calculating and paying benefits; and to treat all Plan participants equally and equitably. Id. ¶¶ 100–01, 103–04. Plaintiffs allege that the Committee violated these duties by: (1) reducing Plaintiffs' benefits by applying inaccurate and unreasonable actuarial assumptions; (2) misrepresenting (through inaccurate and misleading information) to Plaintiffs that their joint and survivor annuities ("JSAs") were the actuarial equivalent of their single life annuities ("SLAs") and failing to tell them that their JSAs were worth less than their SLAs; (3) failing to ensure that the benefits paid to Plaintiffs conformed with the requirements of §§ 1053 and 1055; (4) failing to update the actuarial assumptions applied to Plaintiffs' benefits; and (5) following Plan terms that violate §§ 1053 and 1055. Id. ¶ 115. The Committee's misrepresentations and failures, Plaintiffs allege, prevented Plaintiffs from adequately assessing the form of benefits that best met their retirement needs and resulted in them receiving less than the actuarial equivalent of their vested accrued benefits. Id. ¶¶ 113, 115.

Defendants seek dismissal of Count IV, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs fail to state a viable claim for a breach of fiduciary duty because the Committee was not required to amend the Plan's actuarial assumptions or deviate from the Plan's terms when such terms are inconsistent with ERISA. Doc. No. [75]. Plaintiffs oppose Defendants' Renewed Motion to Dismiss arguing that Defendants' instant Motion is procedurally improper, seeks to further delay discovery, and fails on the merits. Doc. No. [84].

## II. LEGAL STANDARD

A defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if the facts as pled, accepted as true, do not state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 570 (2007). Labels, legal conclusions, and formulaic recitations of the elements of the cause of action "will not do." Twombly, 550 U.S. at 555; see also Debose v. Univ. of S. Fla., 178 F. Supp. 3d 1258, 1266 (M.D. Fla. 2016) (noting that in its review of the complaint's facts, the court does assume the truth of legal conclusions and eliminates allegations that are merely legal conclusions). To state a plausible claim, a plaintiff need only plead

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]hile notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (cleaned up).

## III. ANALYSIS[7]

According to Defendants, decisions about the Plan's terms and the formula used to calculate benefits are settlor functions and not fiduciary acts. Doc. No. [75-1], 17. In Defendants' view, ERISA does not impart an affirmative duty to deviate from the Plan's terms when those terms violate ERISA. Doc. No. [75-1], 20–21. Defendants further argue that Plaintiffs fail to allege any affirmative misrepresentations made by the Committee and that ERISA does not impose a

---

[7] The Court is of the opinion that the Eleventh Circuit's *de novo* review accounted for the original motion to dismiss in its entirety and Defendants' instant Motion can be denied on that basis. However, the Court proceeds with its analysis as Defendants' instant Motion also fails on the merits.

fiduciary duty to provide information beyond ERISA's disclosure provisions. Doc. No. [75-1], 22–23.

In response, Plaintiffs summarize Count IV as alleging that Defendants were obligated to administer the Plan in accordance with ERISA and to not make misrepresentations to participants about the true value of their pensions. Doc. No. [84], 8. In contrast to Defendants' stance, Plaintiffs contend that implementing the Plan's terms is not a ministerial function of the Committee as the Plan expressly vests the Committee with "exclusive discretionary authority" rendering the Committee with total power. Doc. No. [84], 21–22. This grant of discretionary authority automatically renders the Committee a fiduciary pursuant to 29 U.S.C. § 1002(21)(A)(iii) according to Plaintiff. Doc. No. [84], 22. Plaintiffs assert the Committee's application of the Plan's outdated actuarial assumptions is core to plan administration and is firmly a fiduciary act. Doc. No. [84], 20. Regarding Defendants' second point, Plaintiffs argue that Defendants' position means that ERISA's fiduciary duties can never been breached by a fiduciary so long as it follows plan terms—regardless of legality—despite the fiduciary's discretionary authority to deviate from such terms. Doc. No. [84], 26. Lastly, ERISA's duty of loyalty requires a fiduciary to communicate fairly and

honestly with beneficiaries which was violated by the Committee affirmatively misrepresenting the equivalent values of their qualified JSAs. Doc. No. [84], 26–28.

To state a claim for breach of fiduciary duty under ERISA, a plaintiff must establish that defendants: (1) were fiduciaries; (2) breached their fiduciary duties; (3) their conduct was within the scope of their capacity as fiduciaries; and (4) their conduct damaged the participants or plan. Pension & Emp. Stock Ownership Plan Admin. Comm. v. Patterson, 547 F. Supp. 2d 1230, 1238 (N.D. Ala. 2008). Defendants' instant Motion focuses on the fiduciary capacities and accompanying duties so the Court will focus on those prongs.

Under ERISA, fiduciaries are those named by a plan. 29 U.S.C. § 1102(a). ERISA further provides that:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

Here, Plaintiffs adequately allege that the Committee is a fiduciary of the Plan because the Committee is named as such and exercises "discretionary authority and/or discretionary responsibility for Plan administration set forth in the Plan Document." Doc. No. [51], ¶¶ 99–100; 29 U.S.C. §§ 1102(a), 1002(21)(A). Accordingly, the Committee, as a fiduciary, owes several duties under ERISA.

These ERISA-imposed duties are "strict", and the standard of care is "the highest known to law." Woods v. S. Co., 396 F. Supp. 2d 1351, 1360 (N.D. Ga. 2005); Herman v. NationsBank Trust Co., 126 F.3d 1354, 1361 (11th Cir. 1997). Some of these duties entail a duty of loyalty, of prudence, and to follow plan terms. 29 U.S.C. § 1104(a)(1). A fiduciary must act "solely in the interest of the participants and beneficiaries" of a plan when carrying out each of these duties. Id. The duty of loyalty further requires a fiduciary to operate "for the exclusive purpose of providing benefits to participants and their beneficiaries." 29 U.S.C. § 1104(a)(1)(A)(i). A fiduciary must act with the same level of "care, skill, prudence, and diligence" of a similarly situated prudent man. 29 U.S.C. § 1104(a)(1)(B). ERISA further requires a fiduciary to follow plan terms "insofar as such

documents and instruments are consistent with [ERISA].” 29 U.S.C. § 1104(a)(1)(D).

### A. Whether ERISA Imposes a Fiduciary Duty to Amend a Plan’s Actuarial Assumptions

The crux of the Parties’ positions centers on whether the Committee’s administration of the Plan’s terms was a settlor function or a fiduciary act.

Defendants argue that decisions regarding the terms of a plan, the formula for benefits calculation, and whether to modify either are strictly settlor functions and not fiduciary acts. Doc. No. [75-1], 17. Because of this, any decision by the Committee to implement or amend Plan terms when calculating the benefits or charges was undertaken in its non-fiduciary role instead. Doc. No. [75-1], 17–18. Accordingly, such conduct cannot support Plaintiff’s claim for breach of fiduciary duty and Count IV should be dismissed for failure to state a claim. Doc. No. [75-1], 18. The Court disagrees at this stage.

Plaintiffs sufficiently allege that the Plan vests “exclusive discretionary authority” for “construing and interpreting the Plan” and “determining all questions affecting the amount of the benefit payable” under the Plan, including whether to amend or modify the Plan to comply with ERISA. Doc. No. [51], ¶ 99. These facts bolster Plaintiffs’ core allegation that the Committee violated its

fiduciary duties of loyalty and prudence when it applied the Plan's "outdated and unreasonable assumptions" to calculate the participants' retirement benefits to the participants' detriment. Doc. No. [51], ¶ 104.

Evaluating what capacity the Committee operated in when implementing the Plan's terms and the boundaries of its discretionary authority necessitate a fact-intensive review best suited to occur at the close of discovery. See Eslava v. Gulf Tel. Co., 418 F. Supp. 2d 1314, 1322–23 (S.D. Ala. 2006) (finding dismissal of plaintiffs' ERISA claims based on the parameters of defendant's fiduciary capacities prior to discovery being conducted to be premature) (collecting cases). Plaintiffs have sufficiently alleged that the Plan vested the Committee with exclusive discretionary authority in its administration of the Plan which rendered the Committee's actions implementing the Plan's calculation of the participants' pension benefits as fiduciary acts.

### B. Whether the Committee's Fiduciary Duty is to Apply—Not Deviate—from the Plan's Terms

Defendants also argue that, under ERISA, there is no affirmative duty for the Committee to deviate from the Plan's terms that may not be consistent with ERISA. Doc. No. [75-1], 18–22. There are specific requirements on how fiduciaries must carry out their duties when administering plans, such as the requirement

of 29 U.S.C. § 1104(a)(1)(D) to "follow plan terms to the extent they are consistent with ERISA." Doc. No. [75-1], 19–20. Per Defendants, the Committee is prevented by law from deviating from the Plan's benefits calculation terms. Doc. No. [75-1], 19–20. Defendants claim that requiring fiduciaries to deviate would expand the duties required by ERISA as no affirmative duty to deviate exists. Doc. No. [75-1], 21–22.

ERISA expressly limits the duty to follow the Plan's terms "in accordance with the documents and instruments governing the plan *insofar* as *such documents and instruments are consistent with* [ERISA]." 29 U.S.C. § 1104(a)(1)(D) (emphasis added).[8] "This provision makes clear that the duty of prudence trumps the instructions of a plan document[.]" Fifth Third Bancorp v. Dudenhoeffer, 573 U.S. 409, 421 (2014). The very text of ERISA ties application of the Plan's terms to the extent the terms are lawful under ERISA—arguably permitting a fiduciary to not follow the terms when doing so is inconsistent with ERISA. 29 U.S.C. § 1104(a)(1)(D); see also Dudenhoeffer, 573 U.S. at 421 ("This rule would make little sense if, as petitioners argue, the duty of prudence is defined by the aims of the

[8] As the Eleventh Circuit found, Plaintiffs have plausibly alleged that the Plan's terms violate ERISA. Doc. No. [69].

particular plan as set out in the plan documents, since in that case the duty of prudence could never conflict with a plan document.").

Even if ERISA does not impose an affirmative duty to deviate,[9] the Court finds that Plaintiffs have plausibly pled that the Committee's duties of loyalty and of prudence were violated by the Plan's application of the disputed actuarial assumptions. Plaintiffs sufficiently detail that the Committee "knew that the actuarial community had adopted updated actuarial assumptions that reflect increased longevity" and applied these updated assumptions for other purposes such as "ERISA's minimum funding requirements, SEC disclosures, cash balance joint and survivor annuity conversions, and lump sum payments." Doc. No. [51], ¶¶ 54–58. Yet the Committee chose to still use the outdated assumptions when calculating the Plan participants' joint and survivor annuities—resulting in lower payments to participants as opposed to the higher payment if the updated actuarial assumptions had been used. Doc. No. [51], ¶¶ 58–65. This resulted in

---

[9] At this time, the Court recognizes that ERISA permits a fiduciary to not follow a plan's terms that violate ERISA but does not reach a conclusion on whether an affirmative duty to deviate is imposed.

the Committee prioritizing Defendant Southern Co.'s financial savings at the expense of Plaintiff's best interests. Doc. No. [51], ¶¶ 104, 114.

### C. <u>Whether Plaintiffs Fail to Allege any Misrepresentations Made by the Committee in Violation of its Fiduciary Duties</u>

Defendants argue that it is not a misrepresentation for the Committee to accurately represent and apply the Plan's written actuarial factors. Doc. No. [75-1], 22–23. Additionally, ERISA does not invoke a "blanket fiduciary duty" to provide "information that is not required by ERISA's disclosure provisions." Doc. No. [75-1], 23. Defendants advance that Plaintiffs seek to expand ERISA to require fiduciaries to re-examine plan terms and re-write plan communications to explain the lawfulness or unlawfulness of the applied factors. Doc. No. [75-1], 23–24. Further, Defendants argue that Plaintiffs' misrepresentation claims sound in fraud. Doc. No. [75-1], 24–25.

It is not Plaintiffs' contention that no disclosures whatsoever were made by the Committee. Rather, Plaintiffs' allegations are that the Committee's disclosures misrepresented that the qualified JSAs were actuarially equivalent in value to the SLAs despite the contrary. Doc. No. [51], ¶¶ 105–115. Further, Plaintiffs do not assert that such misrepresentations were fraudulent. Their claim

is not subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9.

As a fiduciary, the Committee's "duty of loyalty requires the [Committee] 'to deal fairly and honestly with beneficiaries[.]'" Cunningham v. Cornell Univ., 604 U.S. 693, 696 (2025) (quoting Varity Corp. v. Howe, 516 U.S. 489, 506 (1996)). Plaintiffs sufficiently allege several misrepresentations made by the Committee. Doc. No. [51], ¶¶ 105–115. The Court can reasonably infer from these instances that it is plausible that the Committee mispresented the actuarial equivalent value, and therefore violating its fiduciary duties.

Additionally, courts have held that "dismissal of a claim alleging a failure to fully inform plan participants at the motion to dismiss stage would be inappropriate." See, e.g., In re Beazer Homes USA, Inc. ERISA Litig., No. 1:07-CV-0952-RWS, 2010 WL 1416150, at *8 (N.D. Ga. Apr. 2, 2010) (citing Woods, 396 F. Supp. 2d at 1377). This Court agrees. Discovery will allow both Parties to flesh out the extent of what was represented.

The Court cannot say that Defendants demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010).

Because Defendants have failed to carry that burden, the Court finds that Plaintiffs have sufficiently alleged that the Committee breached its fiduciary duties and Plaintiffs' Count IV should not be dismissed at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Renewed Motion to Dismiss Count IV of Plaintiffs' Second Amended Complaint (Doc. No. [75]). Defendants shall file their answer pursuant to Federal Rule of Civil Procedure 12 so that discovery may accordingly proceed.

**IT IS SO ORDERED** this 9th day of November, 2026.

/s/ Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**